IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS COLON, ) | |
| ) | |
| Plaintiff ) | Case No. 1:20-cv-00036 (Erie) |
| ) | |
| vs. ) | |
| ) | RICHARD A. LANZILLO |
| C/O ANGLIKOWSKI, ET AL., ) | UNITED STATES MAGISTRATE JUDGE |
| ) | |
| Defendants ) | |
| ) | MEMORANDUM OPINION AND |
| ) | ORDER ON DEFENDANTS' MOTION |
| ) | FOR A MORE DEFINITE STATEMENT |
| ) | |
| ) | ECF NO. 29 |
| ) | |

I.  Introduction

Acting pro se, Plaintiff Carlos Colon (Colon), commenced this civil rights action against ten employees of the Pennsylvania Department of Corrections (DOC).[1] His Complaint alleges that one of the defendants, Corrections Officer Anglikowski, sexually assaulted him during his incarceration at the State Correctional Institution at Fayette (SCI-Fayette). *See* ECF No. 15. The factual basis for Colon's claims against the other nine defendants is unclear, however. The Complaint appears to allege that certain of these Defendants retaliated against him or conspired to protect Anglikowski after Colon reported his assault. *Id.* Colon has sued each Defendant in his or her individual and official capacities. *Id.*, ¶¶ 26-31. His Complaint seeks compensatory and punitive damages from each Defendant as well as declaratory and injunctive relief. *Id.* Defendants have moved for a more definite statement of Colon's Complaint under Federal Rule of Civil Procedure 12(e). ECF No. 29. For the reasons discussed herein, Defendants' motion will be GRANTED.

---

[1] The Complaint identifies the ten defendants as C/O Anglikowski, Lt. Bashier, Supt. Cappozza, Supt. Clark, Erickson, Lt. Hawkinberry, Mr. Knepper, Ms. Nagy, Riddle, and Scty. (sic) Wetzel. ECF No. 15.

1

II.     Standard of Review and Analysis

Defendants contend that Colon's Complaint violates Fed. R. Civ. P. 8(a) because his it fails to set forth a short, plain statement of his claim. *Id.* "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). Rule 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Rule requires that the motion "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." *Id.*

"Because Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim, motions for a more definite statement are 'highly disfavored.'" *Country Classics at Morgan Hill Homeowners' Ass'n v. Country Classics at Morgan Hill, LLC*, 780 F. Supp. 2d 367, 371 (E.D.Pa.2011) (quoting *Hughes v. Smith*, 2005 WL 435226, at *4 (E.D. Pa. Feb. 24, 2005)). Accordingly, such a motion will generally be granted "'only if a pleading is so vague or ambiguous that the opposing party cannot reasonably be required to make a responsive pleading.'" *Synagro-WWT, Inc. v. Rush Township*, 204 F. Supp. 2d 827, 849 (M.D. Pa. 2002) (quoting *SEC v. Saltzman*, 127 F. Supp. 2d 660, 668 (E.D. Pa. 2000)). And a number of courts have described Rule 12(e) motions as a means "to provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail.'" *Premier Payments Online, Inc. v. Payment Sys. Worldwide*, 848 F. Supp. 2d 513, 522 (E.D. Pa.2012) (quoting *Frazier v. SEPTA*, 868 F. Supp. 757, 763 (E.D. Pa.1994)). The United States Court of Appeals for the Third Circuit has, however, recognized "the usefulness of a motion for a more definite statement when a complaint does not disclose the facts underlying a plaintiff's claim for relief such that the defendant cannot reasonably be expected to frame a proper, fact-specific defense." *Miller v. Atlantic Freight Sys., Inc.*, 2013 WL 1308235 at *3 (M.D. Pa. Jan. 29, 2013), *report*

2

*and recommendation adopted*, 2013 WL 1292907 (M.D. Pa. Mar. 28, 2013). In that circumstance, "'the Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief.'" *Id.* (quoting *Thomas v. Independence Twp.*, 463 F.3d 285, 301 (3d Cir. 2006)). "The decision to grant a motion for a more definite statement is committed to the discretion of the district court." *Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 182 (M.D. Pa. 2008).

Here, Defendants contend that Colon's Complaint is so vague it is impossible to identify what each Defendant is alleged to have done or failed to do that forms the basis for Colon's claims. See ECF No. 30, p. 4. This lack of basic information, Defendants argue, makes the Complaint unintelligible and impossible to prepare a proper response thereto. The Court agrees. For example, the Complaint contains no factual allegations whatsoever against seven of the Defendants (Hawkinberry, Bashier, Knepper, Nagy, Riddle, Erickson and Wetzel). Instead, the Complaint asserts only broad conclusions of law regarding the "Defendants" collectively. While the Complaint includes a few allegations against Clark and Cappozza, most, if not all, of these are also conclusory. The Complaint references a litany of adverse actions allegedly taken against Colon, but none is associated with any particular Defendant. For example, it alleges that he "was deprived an incentive based transfer that was in the offing, was instead swap transferred to a facility just as far from home, lossed (sic) his custody 2 level, was labeled an institutional sexual predator, [and] lossed (sic) his job and pay level status… ." Complaint ¶5. But the Complaint fails to identify which Defendant or Defendants participated in any of these actions and the nature of his or her involvement. The Complaint does not indicate which, if any, of the Defendants denied him his "incentive-based transfer" or his "custody 2 level" or labeled him "an institutional sexual predator," or caused him to lose his job and pay level status. The vagueness of the Complaint also makes it impossible to identify what relationship, if any, exists between any of the foregoing conduct and Colon's Prison

3

Rape Elimination Act (PREA) complaint, which presumably is the protected action that forms the basis of his retaliation claim.  The Complaint includes no factual allegations regarding what retaliatory conduct each Defendant committed in response to the PREA Complaint.  The Complaint also alleges no facts in support of Colon's conspiracy claim.  Thus, the Complaint leaves each Defendant without any means to know what personal involvement he or she is alleged to have had in the conduct vaguely described in the Complaint.  Further, the pleading deficiencies of the Complaint are not cured by the rambling "log" of events Colon attached to his Complaint.  This document suffers from the same defects as the Complaint itself.  It is also so rambling and full of irrelevant information that Defendants cannot reasonably respond to it.

The Court notes that the defects in Colon's Complaint also exposed it to a possible motion by Defendants to dismiss its claims against all of them except C.O. Anglikowski pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendants chose instead to move for a more specific pleading.  This appears to be the more efficient choice given the posture and circumstances of this case.[2]  In civil rights cases, "pro se plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety."  *Gary v. Pa. Dep't of Labor and Indus., et al.*, No. 1:13-CV-2540 (M.D. Pa. 2014), *report and recommendation adopted*, 2014 WL 2720805 (M.D. Pa. June 13, 2014).  In this case, a successful motion to dismiss would have resulted in Colon being granted leave to amend his Complaint to possibly cure its defects, including its failure to plead facts concerning each Defendant's personal involvement in actionable conduct.  Defendants' motion for a more specific pleading avoided the delay associated with full briefing and decision on a motion to dismiss, and it resulted in essentially the same outcome—Colon's opportunity to file an

---

[2] This observation should not be construed as a general invitation to file a Rule 12(e) motion in lieu of an Answer or a motion to dismiss under Rule 12(b)(6).  As noted, "motions for a more definite statement are 'highly disfavored.'" *Country Classics*, 780 F. Supp. 2d at 371 (citation omitted).  Accordingly, a Rule 12(e) motion should be filed only where, as here, "a pleading is so vague or ambiguous that the opposing party cannot reasonably be required to make a responsive pleading." *Synagro-WWT, Inc.*, 204 F. Supp. 2d at 849 (citation omitted).

Amended Complaint to address the original Complaint's pleading deficiencies. The Court will grant Defendants' motion and direct Colon to file an Amended Complaint.

In drafting his Amended Complaint, Colon should be guided by the foregoing discussion and the following instructions:

Instructions for Filing an Amended Complaint

A.  Caption and Heading

Plaintiff shall clearly mark his pleading as "Amended Complaint." Plaintiff must place his full name at the top of the amended complaint. Plaintiff must also list the names of each defendant. Plaintiff must name as defendants only those persons who are responsible for the alleged constitutional violation(s).

B.  Jurisdiction

Plaintiff must inform the Court why the case should be heard in federal court rather than state court or some other forum. If Plaintiff's action is generally one for a violation of civil rights, 42 U.S.C. § 1983 will normally be the basis for the claim. In order for Plaintiff's action to be heard in federal court under Section 1983, he must be able to show that the defendant(s), at the time of the claims alleged in the amended complaint, were acting under the authority or color of state law.

C.  Parties

As the person initiating the lawsuit, Plaintiff must identify himself as such. Also, for each defendant named in the amended complaint, Plaintiff should list his or her current address, if available, and a description of his or her position or employment.

D.  Statement of Claim

Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated. It is improper for Plaintiff to merely list constitutional rights or federal rights. Plaintiff must provide a description of how each defendant violated his rights. Plaintiff must show

personal involvement in the alleged wrongdoing by each defendant. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs"). Wherever possible, this description should include references to relevant dates, times, and locations. It should explain to the Court what happened by specifically describing each defendant's behavior or action and how that behavior or action – or lack of action – resulted in the alleged violations. Plaintiff should not include legal argument in his amended complaint. Citations to case law and other statutes are not appropriate in the complaint, but rather may be included in a response to a dispositive motion or at the time of trial. However, Plaintiff should be specific about the particulars of the event, each defendant's misconduct, and how such misconduct resulted in a violation or denial of the civil right at issue.

Where the amended complaint includes more than one incident, Plaintiff should clearly distinguish between them by preparing a separate description – usually a paragraph – for each incident. Each incident should be identified as a separate count, and each count must include appropriate facts in support of the claims made in the count. Each incident must be clearly and specifically described; it should, whenever possible, include the relevant time, date, and location. Each incident description also should clearly identify the relevant defendant and what that defendant's role was in the incident. The amended complaint must include all of Plaintiff's claims in this action and should not refer back to the original complaint.

  E. Injury

Plaintiff must state as specifically as possible the actual injury suffered from the action of the defendants that resulted in the alleged civil rights violation. Simply stating that his civil rights have been violated is insufficient.

G.     Request for Relief

Plaintiff must describe for the Court the relief he is seeking as a result of this lawsuit. The relief requested must be related specifically to the injury suffered. However, Plaintiff should be aware that 42 U.S.C. § 1997e(e) limits a prisoner's ability to pursue a federal civil action for mental or emotional injuries suffered while in custody.

H.     Signature and filing

Plaintiff must sign his amended complaint and file it with the Clerk of the Court.

ORDER

AND NOW, this 31st day of August, 2020, IT IS HEREBY ORDERED that Defendants' Motion for More Definite Statement (ECF No. 29) is GRANTED. Plaintiff shall file his Amended Complaint with the Court within twenty-one (21) days of the date of this Order. Plaintiff shall clearly mark his pleading as "Amended Complaint." The Amended Complaint must include all of Plaintiff's claims in this action and should not refer back to the original complaint. If Plaintiff fails to comply with this Order, the undersigned will recommend that this action be dismissed for his failure to prosecute.

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
United States Magistrate Judge